# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 23-1644V

| | |
|---|---|
| KRISTENA RIVERA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: December 19, 2024 |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Emily Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 25, 2023, Kristena Rivera, on behalf of her minor child, L.R., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that L.R. suffered from intussusception following a rotavirus vaccination she received on December 1, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 10, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for L.R.'s intussusception. On December 18, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,000.00, the amount proffered as sufficient to purchase an annuity contract as described in the Section I of the Proffer. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the amount of $50,000.00 to purchase the annuity contract described in Section I of the Proffer.** This amount represents all remaining elements of compensation to which L.R. would be entitled under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRISTENA RIVERA, as parent and natural guardian of L.R., a minor, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 23-1644V <br><br> Chief Special Master Brian H. Corcoran <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 7, 2024, respondent filed a Vaccine Rule 4(c) report concluding that L.R. suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34, that is, intussusception, as defined in the Vaccine Injury Table. EFC 23. Accordingly, on October 10, 2024, the Chief Special Master issued a Ruling on Entitlement. EFC 25.

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should L.R. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

I. **Items of Compensation**

A. Pain and Suffering

For pain and suffering, respondent proffers that petitioner should be awarded an amount of $50,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to L.R. as set forth below:

> A lump sum of $38,984.98 payable on July 30, 2043;
> A lump sum of $44,605.26 payable on July 30, 2046;
> A lump sum of $50,664.59 payable on July 30, 2049.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $50,000.00. In the event that the cost of the annuity set forth above varies from $50,000.00, the actual lump sum payments shall be equally adjusted accordingly to ensure that the total cost of the annuity is neither less nor greater than $50,000.00. Should L.R. predecease

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

  b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

  c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

  d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

any of the certain payments set forth above, any remaining certain payments shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of L.R.'s death.

These amounts represent all elements of compensation to which L.R. is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[5,6]

**II.      Summary of Recommended Payments Following Judgment**

An amount of **$50,000.00** to purchase the annuity contract described above in section I.A.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[5] Petitioner represents that petitioner presently is, or if necessary, will become, authorized to serve as guardian/conservator of L.R.'s estate as may be required under the laws of the State of California.

[6] The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

3

s/ EMILY M. HANSON
EMILY M. HANSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 430-4802
emily.hanson@usdoj.gov

Dated: December 18, 2024

4